Dear Mr. Becker:
Our office received a request for an opinion concerning the application of La.R.S. 44:1 et seq., the Public Records Law, to the Lafayette Public Trust Financing Authority ("LPTFA"), a public trust organized under the laws of the State of Louisiana and established for the benefit of the City of Lafayette, Louisiana.
Your letter indicates that the LPTFA has recently formed an affiliate non-profit entity which is the general partner of the partnership in commendam ("Limited Partnership") formed for the purposes of developing and owning a low income housing tax credit project located in the City of Lafayette. This affiliate non-profit entity is a general partner with .01% ownership interest in the Limited Partnership, and a private entity representing a tax credit investor is a limited partner with 99.99% ownership interest. The Limited Partnership was the recipient of low income housing tax credits allocated by the Louisiana Housing Finance Agency ("LHFA"), to whom ownership of the affordable housing project will eventually transfer. Specifically, you have asked our office to address whether records of the Limited Partnership are subject to public inspection under the Public Records Act. For purposes of responding to your request, we assume the creation of this affiliate non-profit entity is authorized pursuant to the LPTFA's Trust Indenture.
The creation of the LPTFA is authorized by La.R.S. 9:2341, which states, in pertinent part, that "[e]xpress trusts may be created or amended to issue obligations and to provide funds for the furtherance and accomplishment of any authorized public function." Authorized public functions are illustrated in La.R.S. 9:2341 (B). Of particular relevance is La.R.S. 9:2341 (B)(1)(b), which describes "[h]ousing, mortgage finance and *Page 2 
related services, activities, facilities, and properties" as one such public function. Although your request does not concern the LPTFA's requirement to comply with the Public Records Law, it is of significance that La.R.S. 9:2341 (D) provides, in pertinent part, that all public trusts "shall be subject to the . . . Public Records Law." Thus, it follows that entities created from the public trust, i.e., the non-profit affiliate created by the LPTFA, would also be subject to the Public Records Law.
This project has received low income housing tax credits and one of the partners, albeit with a small ownership interest, but a partner nonetheless, is an affiliate of a public trust, a public corporation statutorily obligated to comply with the Public Records Law and statutorily limited to only provide funds for the furtherance and accomplishment of an authorized public function or purpose.
The Public Records Law is interpreted liberally, with any doubt resolved in favor of access. Your request letter references a reliance on La. Atty. Gen. Op. No. 92-404, which considered the public or private nature of parish voluntary councils on aging, concluding:
 Thus, even though, in our opinion, parish voluntary councils on aging are intrinsically private, non-profit corporations, they would have to be treated as public bodies under public scrutiny laws to the extent that they performed governmental functions and objectives, received and disbursed public funds, and/or used public facilities or resources. However, when handling funds which are given to them from private sources and which are not converted to public funds by being dedicated to public use or by being commingled with public funds, they act as the private, non-profit corporations they intrinsically are.
As mentioned above, La.R.S. 9:2341 specifically includes as an authorized public function as "housing, mortgage finance and related services, activities, facilities, and properties." When one of the partners is an affiliate of a public trust, it is difficult to argue with any degree of sincerity that the funds which are used by the Limited Partnership to own and develop a housing tax credit project are not dedicated to public use.
Further, parish councils on aging are distinguishable from the Limited Partnership at issue in this opinion request in a very important way: they were not partnered with an affiliate of a public trust. As outlined above, the legislation authorizing public trusts specifically subjects public trusts to the Public Records Law. Permitting a partnership formed by an affiliate of an entity expressly required to comply with the Public Records Law to escape compliance with the public records law could be viewed as a means to circumvent the law. Additionally, we note that a key factor in the conclusion reached by La. Atty. Gen. Op. No. 92-404 was the fact that parish councils on aging are primarily governed and staffed by volunteers. *Page 3 
As the subject matter of this opinion concerns an affiliate of a public trust and its involvement with a housing project, we note the existence of La.R.S. 40:487, which provides:
 Affiliates of housing authorities shall not, by virtue of their affiliation with such local housing authorities, become subject to the laws of this state applicable to public agencies and their governing bodies, including but not limited to laws pertaining to public disclosure of records, open meetings, minimum wage rates applicable to government contracts and employees, if any, procurement of goods and services, and laws relating to public employees.
This statute makes clear the legislative intent not to subject affiliates of housing entities to public inspection laws. While one can see that the public trust affiliate in the instant situation is similar to a housing authority affiliate which would be exempted under this statute, as exceptions to the Public Records Law must be narrowly construed, the exemption mentioned in La.R.S. 40:487 cannot be interpreted as also extending to affiliates of public trusts. As the legislature specified the inapplicability of certain areas of the law, i.e., public records and open meetings laws, to the affiliates of housing authorities, the same could have easily been accomplished for affiliates of public trusts. However, please note that Act 79 of the 2011 Louisiana Legislative Session revised La.R.S. 40:487 to remove the language stating that housing affiliates are not subject to public records disclosure laws, amending the statute to add Subsection B, specifying that housing affiliates are considered public bodies for purposes of the Public Records Act. Act 79 also amends La.R.S. 44:1 to include an affiliate of a housing authority in the definition of a public body.
We also note La. Atty. Gen. Op. No. 94-259, which considered whether Louisiana Development Partnerships ("LDP"), a 501(C)(3) nonprofit corporation created by the Louisiana Housing Finance Authority, was subject to the Public Records Laws. Taking into consideration the fact that LDP was created as an entity to implement a HUD low income housing program, this office concluded that this was a public body.
Thus, in conclusion, although we acknowledge there is a degree of private funding at stake in the Limited Partnership, it is the opinion of this office that such a distinction cannot be made in application to a Limited Partnership created by an affiliate of a public trust to own and develop an affordable housing tax credit project. As such, it is the opinion of this office that, in general, the records of such Limited Partnership are subject to inspection unless the information requested concerns documents otherwise specifically exempt from inspection under Title 44. *Page 4 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB